# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-16-29-D |
| | ) | |
| KEN EJIMOFOR EZEAH and | ) | |
| AKUNNA BAIYINA EJIOFOR, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Ken Ezeah's Motion for Reconsideration and to Reopen Detention Hearing [Doc. No. 88], to which the government has filed its response in opposition [Doc. No. 100]. The matter is fully briefed and at issue.

## BACKGROUND

The government alleges a scheme by Defendant and her co-defendant, Ken Ezeah, to commit identity theft and wire fraud. According to the indictment, Defendants set up various online dating profiles using false information. Defendants then formed online relationships with several women and persuaded them to wire money by promising to manage their money and investments. A detention hearing was conducted and the magistrate judge found that no condition or combination of conditions would reasonably assure Defendant's appearance as required. Defendant, accordingly, was denied release.

Pursuant to 18 U.S.C. § 3142(f), Defendant moves the Court to reconsider his detention status based on the following arguments:

(1) The Magistrate Judge erroneously found Defendant's uncle, Frank Mba, was a co-conspirator, when Mr. Mba is actually a respected Houston lawyer and co-counsel in the present case;

(2) Defendant's home was purchased four years before the alleged scheme took place;

(3) Defendant's cell phone was not used to contact any of the alleged victims;

(4) Defendant is willing to surrender his Nigerian passport;

(5) Defendant has no significant assets and is willing to offer his Houston home as collateral for bail;

(6) Defendant is self-employed and owns a profitable real estate investment and consulting firm in Nigeria;

(7) Defendant currently suffers from high blood pressure and is taking medication for depression;

(8) Defendant cannot get adequate sleep while in jail;

(9) Defendant's confinement has made in person communication with counsel unduly burdensome;

(10) Defendant needs access to the approximately 10,000 pages of documents produced in discovery to prepare for trial;

(11) Defendant is not charged with a violent offense;

(12) There is insufficient evidence of guilt;

(13) Lesser restrictive means are available to assure Defendant's presence at trial, such as an electronic ankle monitor;

(14) Defendant is willing to be prohibited from accessing any computer dating websites and contacting the alleged victims; and

(15) Defendant is not a flight risk or danger to the community.

Mot. at 2-7.

Under the Bail Reform Act, a defendant must be released pending trial unless a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). A judicial officer may make such a finding only after holding a hearing according to the procedures specified in 18 U.S.C. § 3142(f) and considering the four factors listed in 18 U.S.C. § 3142(g) (i.e., the nature and circumstances of the offense charged, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger posed to any person or the community if the defendant was released). At the hearing, "[t]he government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence." *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citations omitted).

The magistrate judge conducted the requisite detention hearing and found that no condition or combination of conditions will reasonably assure Defendant's appearance at trial. In a written detention order [Doc. No. 5], the magistrate judge

addressed the nature and circumstances of the charged offenses, the weight of the evidence, and Defendant's history and characteristics. The magistrate judge noted Defendant faced the risk of deportation and that due to the nature of the offense (approximately $3,000,000 was allegedly taken from the victims) determined Defendant posed an economic danger to the community and to potential victims.

Section 3142(f) provides, in pertinent part, that "[t]he [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Pursuant to this standard, the Court finds that the aforementioned information cited by Defendant is in large part not new and was previously known to him at the time of his detention hearing. Accordingly, Defendant's motion is denied. Courts in this circuit are in accord. *See United States v. Ward*, 235 F.Supp.2d 1183, 1185 (N.D. Okla. 2002) ("The test is whether the *information* was unknown at the time of the hearing .... The proffered information about Defendant's background, ties to the community and employment history were all known at the time of the September 24, 2002 hearing. Accordingly, it does not provide a basis for reopening the detention determination.") (emphasis in original)); *see also United States v.*

*Stanford*, 367 F. App'x 507, 510-11 (5th Cir. 2010) (unpublished) (denying reconsideration of detention order as to defendant charged with conspiracy, mail and wire fraud; evidence concerning the defendant's access to funds, the availability of lesser restrictive means (including at-home detention and the use of GPS monitoring), and the difficulties defendant faced while in custody was previously known).

The only evidence that could conceivably be considered as new is Defendant's allegations of hardship while in confinement. Upon review of these grounds, the Court finds such information does not have a *material* bearing on the magistrate judge's conclusion that Defendant presented a flight risk.

Accordingly, Defendant's Motion for Reconsideration and to Reopen Detention Hearing [Doc. No. 88] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 19th day of December, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE