IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CR-16-29-D |
| KEN EJIMOFOR EZEAH and AKUNNA BAIYINA EJIOFOR, | ) ) ) ) | |
| Defendants. | ) | |

# **ORDER**

This matter comes before the Court on Defendant Ken Ezeah's Motion to Suppress Search Warrant for *Franks v. Delaware* Violation [Doc. No. 98], to which the government has filed its response in opposition [Doc. No. 103]. A hearing was held on December 9, 2016 during which the parties presented their respective arguments and evidence.[1] The matter is fully briefed and at issue.

---

[1] *Franks* held that a facially sufficient affidavit may be challenged on the ground that it used deliberately or recklessly false statements to demonstrate probable cause. *Franks*, 438 U.S. at 168-70. In the Tenth Circuit, the standards of "deliberate falsehood" and "reckless disregard" set forth in *Franks* apply to material omissions as well as affirmative falsehoods. *United States v. Kennedy*, 131 F.3d 1371, 1375 (10th Cir. 1997). To warrant a *Franks* hearing, a defendant must make a strong threshold showing of deliberate falsehood or reckless disregard for the truth, accompanied by an offer of proof. 438 U.S. at 171. The Court expresses no opinion, however, on whether Defendant has made such a showing. Rather, the Court, *sua sponte*, has determined an evidentiary hearing would be useful in resolving the present motion, without any threshold determination. *See United States v. Herrera*, 782 F.3d 571, 573-74 (10th Cir. 2015).

# BACKGROUND

On January 25, 2016, Special Agent Christine Beining of the Federal Bureau of Investigation (FBI) sought a search warrant of two residences located, respectively, at 2255 Eldridge Parkway, Apt. 1714, Houston, Texas and 3347 Chartreuse Way, Houston, Texas. Agent Beining stated the FBI was investigating an individual using the name "Edward Peter Duffey" in an internet fraud scheme and its investigation revealed probable cause to believe the subject properties contained evidence, fruits, and instrumentalities used to perpetuate the crime.

Agent Beining's affidavit chronicled the experiences of several women who met an "Edward Duffey" at various online dating sites. According to the affidavit, most of the women's experiences were similar in that they established an online relationship with Duffey, who would send flowers and profess his love for them. Their conversations with Duffey eventually turned to financial matters, where Duffey asked them about their retirement and/or investments. Several women told Duffey that they did maintain a retirement/savings account and gave him the name of the bank where it was kept. In response, Duffey would warn them that the bank was under investigation and encouraged the women to transfer their funds to him

so he could invest it and keep it safe.[2] Several women agreed and wired money to certain banks pursuant to Duffey's instructions.

One of the women, a Nevada resident, transferred $60,000 to a woman named April Cummings, who, in turn, transferred a majority of the funds to an account belonging to a man named Anthony Benson. An investigation of Benson revealed he was a Nigerian citizen whose most recent arrival in the United States was at Houston from Zurich, Switzerland on September 4, 2015. Benson indicated in arrival records that his intended address was 3347 Chartreuse Way, Houston, TX 77082. Special Agent Tim Schmitz of the FBI subsequently identified Ezeah as the resident of this address.

In addition, bank records linked the aforementioned flower purchases to a pre-paid debit card, which was also used to make an iTunes purchase on April 30, 2015. The iTunes account was registered to a Linda Poll of Houston. On July 1, 2015, Poll's account made another iTunes purchase using an IP address associated with Defendant Akunna Ejiofor, whose address was listed as 2255 Eldridge Parkway, Apt. 1717, Houston, TX 77077.

Of relevance to the instant motion, paragraph 29 of the affidavit stated:

---

[2] Duffey also said he was a friend of Mary Jo White, the current Chair of the Securities and Exchange Commission (SEC). At least two women received a call from a woman purporting to be White, who advised them that the SEC was investigating the bank and encouraged them to withdraw their funds.

> On or about January 5, 2016, [Bank of America] advised SA Schmitz that it was contacted by Community First Federal Credit Union (CFFCU), regarding one of CFFCU's customers being a victim of an employment scam. In June 2015, the CFFCU customer deposited a counterfeit check into her CFFCU account and immediately withdrew the funds. On June 22, 2015, the CFFCU customer deposited $2,850 of the funds in BOA account number ********8870 and an additional $2,650 to the same account, later that day.
>
> Account number ********8870 belongs to Fabross Property Ventures, Inc. (Fabross). Account number ********8870 was opened by Ken Ezeah (Ezeah) in October 2010. Ezeah is identified as the President of Fabross and is a signatory on the account.
>
> In July 2010, Ezeah opened BOA regular checking account number ********7573. Ezeah indicated in opening account documents that his permanent residence was located in Zurich, Switzerland.
>
> On June 22, 2015, Ezeah transferred $3,000 from the account number ********8870 to ********7573. ***On June 15, 2015 and June 23, 2015, Ezeah transferred $500.00 and $200.00, respectively, from account number ********7573 to Ejiofor***.

(Emphasis and redactions added).[3] Lastly, the affidavit stated that cell tower data showed that one of Duffey's telephone numbers was used in close proximity to the Chartreuse Way and Eldridge Parkway addresses. Based on the foregoing, Agent Beining sought permission to seize computer hardware (and related devices), identity documents, financial records, and similar documents from the subject premises.

---

[3] The Court ordered an *in camera* production of the documents that aided Agent Beining in her recitation of the scheme described in paragraph 29. Upon its review of the documents, the Court finds they do not affect its determination as to whether sufficient probable cause existed to issue the subject search warrant.

According to Ezeah, paragraph 29 of the affidavit recklessly creates a false impression that he was involved in the employment scam referenced therein and consequently was involved in the romance scheme at issue in this case. Mot. at 7, 9-10 [Doc. No. 98]. Ezeah contends that if the magistrate judge had been informed that Fabross and Ezeah were victims of the referenced employment scam, or if paragraph 29 was omitted in its entirety, "the tenor of the [a]ffidavit would change." Mot. at 10. The government, in response, states that paragraph 29 was included to show a financial connection between the defendants in that an account belonging to Ezeah (or within his control) was used to transfer money to Ejiofor.

## STANDARD

"A search warrant can issue only upon a showing of probable cause." *United States v. Long*, 774 F.3d 653, 658 (10th Cir. 2014) (citing *United States v. Biglow*, 562 F.3d 1272, 1275 (10th Cir. 2009)). "The supporting affidavit must provide a substantial basis to conclude that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (quoting *United States v. Nolan*, 199 F.3d 1180, 1182 (10th Cir. 1999) (internal quotations omitted)). Stated another way, the affidavit must show a "nexus between ... suspected criminal activity and the place to be searched." *United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005) (citation omitted). Courts examine the "totality of the circumstances" in the affidavit provided to determine whether it established a

5

substantial basis for finding a fair probability that contraband or other evidence of a crime would be found at the searched premises. *United States v. Myers*, 106 F.3d 936, 939 (10th Cir. 1997). "[M]agistrate judges are vested with substantial discretion to draw all 'reasonable inferences' from the Government's evidence." *Biglow*, 562 F.3d at 1281 (citing *Illinois v. Gates*, 462 U.S. 213, 240 (1983)).[4] Accordingly, "the Court must show deference to the magistrate's finding of probable cause and must interpret the affidavit in a 'common sense and realistic fashion.' " *United States v. Taylor*, No. 13-CR-0003-001-CVE, 2013 WL 2149644 at *8 (N.D. Okla. May 16, 2013) (quoting *United States v. Grimmett*, 439 F.3d 1263, 1270 (10th Cir. 2006)).

Under *Franks*, a Fourth Amendment violation occurs if (1) an officer's affidavit supporting a search warrant application contains a reckless misstatement or omission that (2) is material because, but for it, the warrant could not have lawfully issued. *United States v. Herrera*, 782 F.3d 571, 573 (10th Cir. 2015) (citing *Franks*, 438 U.S. at 155-56; *Kennedy*, 131 F.3d at 1376). Accordingly, a search warrant must be voided where a court: (1) finds that the affiant knowingly

---

[4] In utilizing this standard, the Supreme Court has cautioned district courts against adopting a "grudging or negative" attitude toward search warrants, regardless of whether the magistrate judge's probable cause determination rests on such inferences, *Biglow*, 562 F.3d at 1281 (citing *Massachusetts v. Upton*, 466 U.S. 727, 733 (1984)), and it has expressly disallowed resorting to "hypertechnical" constructions of the government's evidence to invalidate a warrant. *Id*. (citing *Gates*, 462 U.S. at 236).

or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant; and (2) concludes, after excising such false statements and considering such material omissions, that the corrected affidavit does not support a finding of probable cause. *United States v. Garcia-Zambrano*, 530 F.3d 1249, 1254 (10th Cir. 2008).

Defendant bears the burden to demonstrate the affidavit's invalidity or that the search warrants were not supported by probable cause. *See United States v. Esser*, 451 F.3d 1109, 1112 (10th Cir. 2006) (defendant has burden of showing constitutional infirmity in search warrant). As noted above, "[t]o win an evidentiary hearing to prove a *Franks* violation, a defendant must do more than allege a problem with the warrant. The Supreme Court has directed that a defendant's allegations 'must be accompanied by an offer of proof. ... Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.'" *Herrera*, 782 F.3d at 573 (citing *Franks*, 438 U.S. at 171; *Kennedy*, 131 F.3d at 1376).

## DISCUSSION

Pursuant to the above standard, the Court finds Ezeah's motion should be denied. Ezeah has not made the threshold showing that Agent Beining either knew of, or recklessly disregarded, false information, or knowingly or recklessly omitted information that would have vitiated probable cause. Other than his conclusory

7

assertions, Ezeah has come forth with no persuasive evidence that he was the victim of any employment scheme. Nevertheless, even if paragraph 29 were omitted altogether, the Court finds probable cause would still exist. At this stage of the proceedings, the Court's inquiry is to simply determine whether the affidavit on its face established a sufficient nexus between suspected criminal activity and the subject premises. As detailed above, Ezeah's residence was sufficiently linked to suspected criminal activity involving the online dating scheme, and the Court finds there was no error in the magistrate judge's determination that probable cause existed at the time of issuance. Accordingly, Ezeah has not made the requisite showing under *Franks* and his motion is denied.[5]

## CONCLUSION

Defendant Ken Ezeah's Motion to Suppress Search Warrant for *Franks v. Delaware* Violation [Doc. No. 98] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this 22nd day of December, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] Defendant's *Franks* motion focused specifically on paragraph 29 of the affidavit. *See* Mot. at 10 ("This motion is based on the omission of facts from ¶ 29 of the Search Warrant Affidavit[.]"). At the December 9 hearing, however, counsel for Ezeah raised for the first time objections to paragraphs 25, 26, and 30 of the affidavit as well. These new arguments, having been raised for the first time at the hearing, need not be considered here. Nevertheless, the testimony and argument submitted regarding these paragraphs fall short of sustaining a challenge under *Franks*.