# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-16-29-D |
| KEN EJIMOFOR EZEAH and AKUNNA BAIYINA EJIOFOR, | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Motions to Suppress by Defendants Ken Ezeah [Doc. No. 70] and Akunna Ejiofor [Doc. No. 79]. The government has filed its responses in opposition [Doc. Nos. 78, 85] and the matters are now at issue.

The Court assumes the parties' familiarity with the facts underlying this action. For a more comprehensive statement of those facts, reference should be made to the Court's Order denying Defendant Ezeah's Motion to Suppress for Violation of *Franks v. Delaware*. Here, Defendant Ezeah contends that (1) the affidavit used to obtain the search warrant of his home failed to establish a nexus between his property and the alleged scheme at issue in this action; (2) in certain respects, the warrant was an unlawful "general warrant"; and (3) the information provided to the issuing magistrate judge was stale. Defendant Ejiofor contends the affidavit was defective on its face and could not support a determination of

probable cause. Defendants request that all evidence obtained pursuant to the warrants be suppressed.

In the Court's Order addressing Ezeah's *Franks* motion, the Court determined that the subject affidavit reflected no misrepresentation or material omission and, under the totality of circumstances, established a sufficient nexus between the alleged online dating scheme and Ezeah's home. Accordingly, the Court found there was no error in the magistrate judge's determination that probable cause existed at the time of issuance. For the same reasons set forth in the Court's *Franks* Order, the Court finds sufficient probable cause existed to support the search of Ejiofor's residence and the magistrate judge did not commit error in issuing the warrant.

Next, Defendant Ezeah contends that the warrant was overbroad in certain areas with respect to its issuance, and consequently, resulted in a general search in violation of the Fourth Amendment, which requires that warrants "particularly describ[e] ... the persons or things to be seized." U.S. CONST. AMEND. IV. The Court finds this contention is without merit. "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Stanford v. Texas*, 379 U.S. 476, 485 (1965) (quoting

*Marron v. United States*, 275 U.S. 192, 196 (1927)). The search should be "confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause." *United States v. Villanueva*, 821 F.3d 1226, 1238 (10th Cir. 2016) (quoting *Voss v. Bergsgaard*, 774 F.2d 402, 404 (10th Cir. 1985)). "A warrant describing 'items to be seized in broad and generic terms may be valid if the description is as specific as circumstances and [the] nature of the activity under investigation permit.'" *Id*. (quoting *United States v. Wicks*, 995 F.2d 964, 973 (10th Cir. 1993) (paraphrasing added; further citations omitted)).

Attachment B of the search warrant set forth an extensive list of items to be seized. Defendant objects to the following categories specified in the warrant:

> Any and all cellular and/or voice over internet telephones;
>
> Any United States currency;
>
> Any and all debit, credit or ATM cards;
>
> Any and all forms of identification, issued by whatever government or private entity, including any names and/or visual likeness found therein;
>
> Any and all travel records, including but not limited to airline receipts and itineraries and hotel receipts;
>
> Any and all telephone records; and
>
> Any and all Internet Service Provider records.

3

The Tenth Circuit has upheld search warrants cast in comparably broad terms where the circumstances permitted only a more general listing of the items to be seized. *See United States v. Wicks*, 995 F.2d 964, 973 (10th Cir. 1993). As noted, Defendants are charged with conducting a complex scheme to commit identity theft and wire fraud wherein various fake online dating profiles were set up and used to persuade women to wire money under the promise of managing/investing said funds. Given the nature of the alleged scheme, the government had no obligation to restrict the search to specific items where the evidence, detailed fully in the accompanying affidavit, demonstrated a widespread effort to defraud women online. In sum, the Court finds the warrant was neither impermissibly broad nor insufficiently particular.

Lastly, Defendant Ezeah contends the information contained in the affidavit was stale. Warrants cannot be issued based on stale information that no longer suggests the items sought are to be found in the place to be searched. *United States v. Snow*, 919 F.2d 1458, 1459 (10th Cir. 1990). The Tenth Circuit has found that this determination depends on several factors, such as the nature of the criminal activity, the length of the activity, and the nature of the property to be seized. *Id.* at 1460. For ongoing criminal activity, the "passage of time is not of critical importance." *United States v. Thao Dinh Le*, 173 F.3d 1258, 1266 (10th Cir. 1999) (quoting *United States v. Sturmoski*, 971 F.2d 452, 457 (10th Cir. 1992)).

Defendant states that the warrant was issued in January 2016, but the only temporal reference to his property was on September 4, 2015. Defendant's argument ignores the law of the Tenth Circuit, which, as noted above, has established that whether information is too stale depends on the nature and length of the suspected criminal activity. The affidavit cited continuous and ongoing fraudulent activity which implicated Defendant's residence. Such conduct began as early as March 2015 and continued through the fall of 2015. Such ongoing and continuous activity makes the passage of time less critical when judging the staleness of information upon which a search warrant is based. Defendant's reliance upon the mere passage of time alone to demonstrate the staleness of the information is unavailing.

Accordingly, Defendants Ken Ezeah and Akunna Ejiofor's Motions to Suppress [Doc. Nos. 70, 79] are **DENIED** as set forth herein.

**IT IS SO ORDERED** this 22nd day of December, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE