## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-16-29-D |
| ) | (No. CIV-19-939-D) |
| KEN EJIMOFOR EZEAH, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant Ken Ejimofor Ezeah's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 309]. The Motion is supported by affidavits from Defendant and Defendant's brother. The Motion asserts two grounds for relief, but both are premised on the same argument: defense counsel's failure to properly advise him when the government breached an alleged unwritten promise to move for a sentencing reduction violated his Sixth Amendment right to effective assistance of counsel. The government has filed a response [Doc. No. 319] to the Motion and Defendant has replied [Doc. No. 321]. For the reasons that follow, the Court finds that no hearing is needed and the Motion should be denied on the existing record.

## BACKGROUND

Defendant and a co-defendant were initially charged in an Indictment with conspiracy to commit wire fraud and two counts of wire fraud [Doc. No. 11]. A superseding Indictment was subsequently returned charging Defendant and his co-defendant with conspiracy to commit wire fraud, aggravated identity theft, and eighteen counts of wire

fraud [Doc.No. 41]. Defense counsel made several pretrial motions, including a motion to dismiss certain counts and a motion to suppress, but they were denied by the Court [Doc. Nos. 63, 119, 120, 122, 123].

On February 1, 2017, Defendant entered a plea of guilty pursuant to a plea agreement. The plea agreement [Doc. No. 139] provided that in exchange for pleading guilty to one count of conspiracy to commit wire fraud, the government would dismiss the remaining counts and recommend a three-level downward sentencing adjustment for acceptance of responsibility. The plea agreement also stated that no other agreements existed between the parties and that the government did not make any promise as to what sentence the Defendant would receive.

Defendant also executed a plea supplement [Doc. No. 141] and a petition to enter plea of guilty [Doc. No. 140]. The plea supplement provided that there were no other deals or terms other than what was set forth in the plea supplement and the plea agreement. In the petition, Defendant indicated that his plea was made voluntarily, that he discussed the plea agreement with his attorney, that he understood the plea agreement, that no promises other than those set out in the plea agreement had been made, and that no attorney had promised he would receive any form of leniency if he entered a guilty plea. At the plea hearing, Defendant indicated, under oath, that he understood the questions in the plea petition, that no one had forced him to plead guilty, and that the plea agreement contained the complete terms of his agreement with the government. Plea Hr'g Tr. 6-12, Feb. 1, 2017 [Doc. No. 151].

Defendant's sentencing was held on September 29, 2017. Prior to the sentencing, defense counsel submitted a Motion for Variance and Sentencing Memo [Doc. No. 228] which, among other things, advocated for a more lenient sentence based on Defendant's cooperation with the government, including his testimony at the trial of his co-defendant. This motion indicated that the "cooperation and testimony were not required by [Defendant's] plea agreement…rather, it was voluntary." Mot. for Variance and Sentencing Memo at 20. Additionally, in his statement to the Court at the sentencing hearing, defense counsel highlighted Defendant's cooperation and testimony and indicated that he elected to do that "for the right reasons, not just for sentencing reasons." Sentencing Tr. 10, Sept. 29, 2017 [Doc. No. 271]. Defendant also made a statement at the sentencing hearing where he thanked the prosecutors and his defense counsel for their efforts. *Id.* at 21-22. The Court then announced that Defendant would be sentenced to imprisonment for a term of 132 months, along with a term of supervised release, restitution, and a special assessment. *Id.* at 30. Shortly thereafter, Defendant fainted and the hearing was adjourned. *Id.* at 30-31.

The sentencing hearing was resumed on October 6, 2017. At that time, defense counsel, on behalf of Defendant, moved to withdraw the guilty plea and indicated that Defendant believed he was fraudulently induced to enter into the plea agreement based on the government's unfulfilled promise to move for a downward adjustment based on his cooperation. Sentencing Tr. 7-9, Oct. 6, 2017. Defendant then submitted a letter outlining his complaints to the Court. In response to these arguments, the government stated that Defendant's cooperation did not merit a motion for a downward adjustment. *Id.* at 12. After

reviewing Defendant's letter and the plea proceedings, the Court rejected Defendant's attempt to withdraw his guilty plea and entered the sentence accordingly. *Id.* at 16.

Defendant then appealed to the Tenth Circuit, arguing that the government breached the plea agreement when it failed to move for a downward adjustment based on his cooperation. *United States v. Ezeah*, 738 F. App'x 591, 593 (10th Cir. 2018) (unpublished). In resolving this claim, the Tenth Circuit concluded that "the government was not obligated to move for the reduction claimed by Mr. Ezeah, and it therefore has not breached the plea agreement." *Id.* at 594. The Tenth Circuit then dismissed the appeal pursuant to the appeal waiver contained in the plea agreement. *Id.* at 595-596. In an effort to avoid dismissal of the appeal,[1] Defendant made allegations of ineffective assistance against his counsel, but the court of appeals ruled that the claim must be brought in a collateral proceeding under § 2255. *Id.* at 594. The instant § 2255 Motion followed.

## STANDARD OF DECISION

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States...or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant is entitled to an evidentiary hearing on his claim, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* at § 2255(b).

---

[1] A claim for ineffective assistance of counsel in the negotiation of a plea cannot be waived. *United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001)

When ineffective assistance of counsel is the basis of a § 2255 claim, the defendant must satisfy the familiar two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under this test, a defendant must show both that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id*. In evaluating counsel's performance, courts should make "every effort…to eliminate the distorting effects of hindsight" and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

As to prejudice, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Importantly, this involves an objective component: "proof of prejudice requires a petitioner to show that 'a decision to reject the plea bargain would have been *rational* under the circumstances.'" *Heard v. Addison*, 728 F.3d 1170, 1184 (10th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)) (emphasis in *Padilla*). In making this assessment, objective factors such as "the length of the sentence he faced under the terms of the plea deal," "the prospect of minimizing exposure to other charged counts," or "whether an unmade evidentiary or legal discovery likely would have changed the outcome of a trial" should be considered. *Id*. at 1183-1184 (internal quotation marks omitted). Further, in the absence of other evidence, courts should "remain suspicious of bald, post hoc and unsupported statements that a defendant would have changed his plea absent counsel's errors." *Id.* at 1184.

## DISCUSSION

Defendant's § 2255 motion makes serious allegations of misconduct against both his counsel and the prosecution. He claims that he was induced to enter into the plea agreement based on an unwritten, undisclosed promise by the government to move for a sentence reduction related to his cooperation and that his defense counsel improperly advised him when it became clear that the government did not intend to make such a motion. Essentially, under Defendant's version of the facts, defense counsel and the prosecution brazenly lied to the Court about the contents of the plea agreement and Defendant perjured himself when describing his understanding of the plea agreement. The problem Defendant faces, however, is that the self-serving, post-hoc statements he makes in his affidavit are directly contradicted by the written and oral representations he made at his plea hearing.

> As recognized by the Supreme Court, such representations are not easy to refute:
>
> …the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Further, where proper procedures related to the disclosure of a plea agreement have taken place, as was the case here, a claim that the plea was based on an undisclosed promise "will entitle a petitioner to an evidentiary hearing only in the most extraordinary circumstances." *Id.* at 80 n. 19.

The Tenth Circuit has similarly recognized that "the truth and accuracy of [defendant's] statements made at the Rule 11 proceedings should be regarded as conclusive in the absence of a believable, valid reason justifying a departure from the apparent truth of his Rule 11 statements." *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975). In *Hedman*, the trial court accepted the defendant's guilty plea after conducting a thorough inquiry where the defendant denied receiving any inducement to plead guilty. *Id.* at 21. Subsequently, the defendant brought a motion under § 2255 asserting that his guilty plea should be set aside because his counsel had advised him that there was an unwritten bargain with the government that would allow him to receive probation in return for a guilty plea. *Id.* at 22. The Tenth Circuit rejected the claim, and found that an evidentiary hearing was not warranted, because the "allegations of an involuntary plea and the lack of effective counsel were completely and conclusively refuted by [defendant's] earlier statements and were insufficient to trigger the hearing requirement of s 2255." *Id.*

Consistent with *Hedman*, the Tenth Circuit has rejected habeas claims based on an undisclosed promise or agreement numerous times. *See United States v. Hill,* 635 F. App'x 536, 548 (10th Cir. 2015) (unpublished) ("Hill repeatedly acknowledged accepting the plea agreement's terms knowingly and voluntarily, and he cannot now casually brush aside his many representations to the district court."); *United States v. Farias*, 268 F. App'x 730, 732 (10th Cir. 2008) (unpublished) ("When measured against these specific statements in the plea agreement, Farias's conclusory allegations of ineffective assistance were clearly insufficient."); *Barnes v. Henderson*, 79 F.3d 1156 (10th Cir. 1996) (unpublished) ("Petitioner's statement to the state court that no promises other than those of record belies

his present contention that he was promised he would not be held in the penitentiary."); *Phillips v. Murphy*, 796 F.2d 1303, 1305 (10th Cir. 1986) ("In light of the detailed record and findings,…and the petitioner's awareness of statements in court that there were no negotiations on the sentence, we conclude the assertions of petitioner are wholly incredible and do not require a federal evidentiary hearing.").

In this case, Defendant cannot overcome the "formidable barrier" presented by the prior statements of defense counsel, the prosecutor, and Defendant himself. *Blackledge*, 431 U.S. at 73–74. On multiple occasions, Defendant acknowledged that the plea agreement contained the complete terms of his agreement with the government, and that there were no other promises made in connection with his guilty plea. Additionally, both defense counsel and the prosecution highlighted Defendant's cooperation with the government at the sentencing hearing. Thus, contrary to Defendant's conclusory allegations, it is apparent from the record that the cooperation was not offered as part of a secret plea deal but was instead offered as a means of arguing for leniency.[2] In short, Defendant fails to offer any "believable, valid reason" to disregard the statements made in his plea documents, at the plea hearing, or at the sentencing hearing. *Hedman*, 527 F.2d at 22.

---

[2] Notably, "[t]he decision to file a substantial-assistance motion is left to the prosecutor unless 'a formal agreement...would bind the prosecutor.'" *United States v. Dominguez Beltran*, 184 F. App'x 799, 802 (10th Cir. 2006) (unpublished) (quoting *United States v. Massey*, 997 F.2d 823, 824 (10th Cir. 1993)). The record in this case shows that no formal agreement regarding a substantial-assistance motion was in place.

Additionally, and dispositively, Defendant fails to make any effort to show that he was prejudiced by defense counsel's alleged misconduct. Other than conclusory assertions in his motion and affidavit, he has not articulated a viable defense or otherwise shown that a decision to reject the plea agreement would have been rational under the circumstances. Indeed, weighed against the very real risks of proceeding to trial, which are evident from the conviction of his co-defendant, the plea agreement offered significant benefits, including the dismissal of all but one of the charges. Further, Defendant's numerous statements confirming his understanding of the plea agreement belies the notion that he would not have pled guilty but for his counsel's failure to advise the court of an alleged undisclosed promise by the government.

Accordingly, Defendant is not entitled to relief from his conviction and sentence under § 2255. Additionally, because the record conclusively shows that the prisoner is entitled to no relief, an evidentiary hearing is not warranted.

## CONCLUSION

Defendant Ken Ejimofor Ezeah's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 309] is DENIED. A separate judgment shall be entered.

Additionally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case and a COA is therefore **DENIED**.

      **IT IS SO ORDERED** this 12th day of October, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge