IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-16-29-D |
| ) | (No. CIV-19-939-D) |
| KEN EJIMOFOR EZEAH, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant Ken Ejimofor Ezeah's Motion to Set Aside Judgment [Doc. No. 347]. Defendant, who appears *pro se*, seeks relief under Fed. R. Civ. P. 60(b)(4) from the Order and Judgment of October 12, 2021 [Doc. Nos. 335 and 336] denying his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 309]. Defendant asserts that the judgment is void because of five alleged defects "that compromised the integrity of his original [§] 2255 habeas proceedings." *See* [Doc. No. 347] at p. 2.

Although Defendant invokes Rule 60(b)(4), the Court must first determine whether it is a "true" Rule 60(b) motion or an attempt to file a successive § 2255 petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). Upon consideration, the Court finds that the Motion facially alleges defects in the prior proceeding but actually attacks the merits determination regarding his motion. Thus, it is not a true Rule 60(b) motion. Indeed, "a purported Rule 60(b) motion that 'in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction' is actually a second or

successive habeas petition . . . ." *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (quoting *Spitznas*, 464 F.3d at 1215).

Because Defendant's Motion does not assert a "true" Rule 60(b)(4) claim, and because Petitioner has not obtained the court of appeals' authorization to file another § 2255 petition, this Court lacks jurisdiction to consider it. *See* 28 U.S.C. § 2244(b)(3). Under the circumstances, where the court of appeals has already considered and rejected Defendant's claim, the Court finds that the Motion should be dismissed rather than transferred to the court of appeals. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Set Aside Judgment [Doc. No. 347] is **DISMISSED.**

**IT IS SO ORDERED** this 14th day of September, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge